**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG DIVISION**

**GREGORY K. CLINTON,**

                    **Petitioner,**


**v.**                                                    **Civil Action No. 3:20-CV-73**
                                                         **(GROH)**


**MR. HUDGINS,**

                    **Respondent.**


### REPORT AND RECOMMENDATION

#### I.    INTRODUCTION

On April 30, 2020, the pro se Petitioner filed an Application for Habeas Corpus
Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is a federal inmate who is housed
at Gilmer FCI who is challenging the validity of his conviction and sentence imposed in
the United States District Court for the Northern District of West Virginia.

The matter is now before the undersigned United States Magistrate Judge for a
Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B)
and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the
Petition be dismissed without prejudice.

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   Northern District of West Virginia Criminal Action No. 3:08-CR-5[1]

#### 1.   Conviction and Sentence

On January 22, 2008, Petitioner was charged in the Northern District of West Virginia with four drug trafficking offenses.  ECF No. 1.  On April 24, 2008, Petitioner entered a plea, pursuant to a written agreement, to Count 3 of the indictment which charged distribution of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  ECF Nos. 46, 49.  Petitioner was sentenced to 87 months of incarceration on August 5, 2008.[2]  ECF Nos. 60, 63.  On December 22, 2011, the District Court reduced Petitioner's sentence from 87 months to 60 months, pursuant to 18 U.S.C. § 3582(c).  ECF No. 131.

#### 2.   Direct Appeal

Petitioner filed a notice of appeal on August 6, 2008, in the Fourth Circuit's docket number 08-4810.  ECF Nos. 62, 67.  The Fourth Circuit affirmed the Petitioner's conviction by per curiam opinion issued on June 11, 2009.  ECF No. 77.

#### 3.   Motion to Vacate

On August 18, 2010, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  ECF No. 86.  The motion to vacate was denied on December 19, 2012.  ECF No. 133.

---

[1] All CM/ECF references in facts section II.A. refer to entries in the docket of Criminal Action No. 3:08-CR-5, in the Northern District of West Virginia.

[2] Petitioner was sentenced on August 5, 2008, but the Court's judgment was not entered and filed by the Clerk until August 11, 2008.

### 4.     Probation Petitions

On August 4, 2015, the Probation Department filed a petition against Petitioner based on a new traffic offense which was not reported to Petitioner's probation officer. ECF No. 142.  No sanction was sought at that time.  Id.

On July 7, 2016, an amended petition which requested an arrest warrant was filed by the Probation Department.  ECF No. 142.  That amended petition sought revocation of probation and alleged the same traffic infraction as the August 4, 2015 petition, and that a new criminal charge was filed against Petitioner in Berkeley County, West Virginia Magistrate Court case number 16M-02F-540, which charged Petitioner with possession with intent to deliver cocaine.  Id.

On February 2, 2017, another petition was filed, based on the charges filed against Petitioner on January 18, 2017, in the Northern District of West Virginia, case number 3:17-CR-5.  ECF No. 147.  The Government moved, and the Court granted the motion to dismiss this petition on August 27, 2018.  ECF Nos. 188, 189.

### B.     Northern District of West Virginia Criminal Action No. 3:17-CR-5[3]

### 1.     Conviction and Sentence

By superseding indictment returned in the Northern District of West Virginia on March 21, 2017, Petitioner was charged: in Count 1 with being an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); in Counts 2 and 4 with possession with intent to distribute cocaine base, also known as "crack", in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); in Counts 3 and 5 with possession with intent to

---

[3] All CM/ECF references in facts section II.B. refer to entries in the docket of Criminal Action No. 3:17-CR-5, in the Northern District of West Virginia.

distribute cocaine hydrochloride, also known as "coke", in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  ECF No. 40.  On April 19, 2018, a jury found Petitioner guilty of Counts 1, 4 and 5 of the superseding indictment.  ECF No. 182.  The jury further found Petitioner guilty of lesser included offenses of those charged in the superseding indictment: possession of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), a lesser included offense of that charged in Count 2; and possession of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), a lesser included offense of that charged in Count 3.  ECF No. 182.  Petitioner was sentenced on August 27, 2018, to 264 months on Count 1, 12 months each for Counts 2 and 3, and 240 months each for Counts 4 and 5, all of which were ordered to be served concurrently with one another.  ECF No. 205 at 3.

### 2.   Direct Appeal

On August 29, 2018, Petitioner filed a notice of appeal with the Fourth Circuit Court of Appeals, in a case later assigned docket number 18-4621.  ECF Nos. 207, 210.  During the pendency of that appeal, Petitioner filed a motion to vacate his conviction on September 12, 2018.  ECF No. 219.  That motion and related pleadings are described in Section II.B.4. below.  By unpublished per curiam opinion issued on May 14, 2019, the Fourth Circuit affirmed the judgment of the District Court.  ECF No. 286.

### 3.   Other Appeals

On July 21, 2020, Petitioner filed a "writ of error" with the Fourth Circuit.  ECF No. 431.  As relief, Petitioner requested he be granted a new trial, or alternatively that Counts 1 through 5 of the superseding indictment be dismissed.  Id. at 4.  Petitioner further sought a "certification of innocence", restitution for each day of "illegal incarceration" at the rate

of $1,500.00 per day, or alternatively dismissal of Count 5 of the superseding indictment. Id.  On September 28, 2020, the Fourth Circuit denied Petitioner's request for a writ of error coram nobis, made pursuant to 28 U.S.C. § 1651(a) and Fed. R. App. P. 21.  ECF No. 434.  The Fourth Circuit concluded that Petitioner failed to establish that he was entitled to the requested writ.  Id.  A petition for certiorari was filed with the United States Supreme Court on October 2, 2020.  ECF No. 440.  That petition remains pending in docket number 20-6747.  Id.

### 4.   Motions to Vacate Pursuant to 28 U.S.C. § 2255

As noted above, Petitioner filed a motion to vacate, set aside or correct judgment on September 12, 2018.  ECF No. 219.[4]  Petitioner filed the Court-approved form on May 31, 2019.  ECF No. 289.  An Amended Report and Recommendation filed on August 7, 2019, recommended that Petitioner's motion to vacate and amended petition [ECF Nos. 219, 289] be dismissed without prejudice as premature.  ECF No. 305.  Petitioner filed a motion to dismiss, styled "Motion to Concede 2255 Motion to Vacate."  ECF No. 312.  On August 28, 2019, the Court granted the motion to dismiss and dismissed the motion to vacate, and the separate civil action.  ECF No. 320.

On October 31, 2019, Petitioner filed a second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  ECF No. 348.  On November 7, 2019, Petitioner filed an Addendum to his § 2255 Motion.  ECF No. 354.  Petitioner then filed three motions to amend his § 2255 motion on December 6, 2019, January 24, 2020, and February 13, 2020.  ECF Nos. 370, 385, 393.  By Order entered on April 30, 2020, the District Court granted Petitioner's Motions to Amend and directed Petitioner to make any

---

[4]  The motion to vacate was also filed in a separate civil action numbered 3:18-CV-144.

amendment to his § 2255 Motion on a Court-approved form within 30 days.  ECF No. 415.

On April 30, 2020, Petitioner filed his "Motion to Withdraw 2255 Motion to Vacate." ECF No. 416.  Petitioner explained that he was dismissing his § 2255 Motion "to expedite the judicial process" because he was challenging the validity of his original and superseding indictments[5] in a § 2241 Petition.  Id.  By Order entered on May 1, 2020, the District Court granted Petitioner's Motion to Dismiss his § 2255 Motion.  ECF No. 417.

### C.    Instant Section 2241 Petition

The instant § 2241 petition was filed with the Court on April 30, 2020, and alleges a challenge to Petitioner's sentence.  ECF No. 1 at 1.  While not a model of clarity, the petition appear to state the following four grounds for relief: (1) that he was illegally sentenced because there were jurisdictional defects in the original and superseding[6] indictments in 3:08-CR-5, and that the District Court improperly sentenced him on counts which were previously dismissed [ECF No. 1 at 5 – 6]; (2) that there was a defect in Count 2 of the superseding indictment issued on August 11, 2008, and that the defect was constructively and improperly amended [Id. at 7 – 8]; (3) that Petitioner's Double Jeopardy rights were violated when he was charged in both the original and superseding indictments with the same offense, and that Petitioner was improperly sentenced  [Id. at 7]; and (4) that he was arrested pursuant to an illegal warrant [Id. at 7].  Petitioner later amended his petition to include a fifth claims for relief that the jury instructions in case 3:08-CR-5, were improper, and that the Assistant United States Attorney misled the jury,

---

[5]  The Court notes that in the motion to dismiss, Petitioner refers to his conviction in 3:08-CR-5.

[6]  The Court notes that there was no superseding indictment returned in 3:08-CR-5, but that August 11, 2008, was the date that judgment was entered by the District Court.  N.D.W.V. 3:08-CR-5, ECF No. 63.

"recognized" a mistake in the charging documents and moved to dismiss the second amended petition on August 27, 2018[7].  ECF No. 21 at 2 – 3.

For relief, Petitioner requests that the Court: (1) correct its criminal judgment and commitment order, ECF No. 205[8]; (2) dismiss Counts 2 and 3 of his indictment; (3) dismiss Counts 1 through 5 of the superseding indictment; (4) immediately release from custody or grant him an evidentiary hearing; (5) return property seized by law enforcement, or alternatively pay Petitioner $60,000.00; (6) monetary damages of $8,600,000.00; (7) monetary damages of $25,000.00; (8) monetary damages of $8,600,000.00 from each of eight Assistant United States Attorneys; (9) a certification of innocence;  and (10) the resignation of Chief Judge Groh.  ECF No. 1 at 13 – 14.

Subsequently, Petitioner filed two separate motions to transfer his case to another judge in the Northern District of West Virginia, on August 6, 2020, and September 21, 2020.  ECF Nos. 34, 41.  Both motions seek to have District Judge John P. Bailey preside over the matter, instead of Chief District Judge Gina M. Groh.  Id.

## III.   LEGAL STANDARD

### A.   Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief

---

[7]  Petitioner attached an excerpted transcript of the sentencing hearing where the AUSA states, "Your Honor, I'd also request that the Court dismiss the second amended petition for violations in [case] number 3:08-CR-5.  That petition is based solely on the conduct that gave rise to the convictions here.  And so I would request that the Court dismiss that and address this conduct solely within this case."  The Court granted the Government's motion and dismissed the petition filed by the Probation Department with prejudice.  ECF Nos. 1-3:20 through 1-4:2.

[8]  Petitioner identifies document number 205 as the judgment which should be corrected, but does not specify in which criminal case that document is filed.  However, a review of the dockets of 3:08-CR-5 and 3:17-CR-5 shows that only the latter has a document 205.  The final docket entry in 3:08-CR-5 is ECF No. 189.

and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.    Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[9] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual

---

[9]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

### C.   Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV.   ANALYSIS

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation

bar,[10] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[11] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[10]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

> a.    The date on which the judgment of conviction becomes final;
> b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[11]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

In the five grounds for relief articulated by Petitioner, he claims his sentence was illegally imposed, his indictment was defective, that his double jeopardy rights were violated, that he was illegally arrested on a defective warrant, that the jury was improperly instructed, and that his rights were violated by misconduct by the Court and prosecutor.

11

The petition alleges a challenge only to his sentence, however, Petitioner also raises claims as to his conviction.  Among other requests for relief, Petitioner asks the Court to vacate his conviction and sentence.  ECF No. 1 at 13 – 14.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful[12] § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong.  Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that Petitioner's conduct is no longer deemed to be criminal.  All of the crimes Petitioner was convicted of committing— distribution of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); being an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); possession with intent to distribute cocaine base, also known as "crack", in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession with intent to distribute cocaine hydrochloride, also known as "coke", in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession of cocaine

---

[12] The Court notes that Petitioner filed one unsuccessful § 2255 motion in 3:08-CR-5, and two § 2255 motions in 3:17-CR-5, but both those motions were dismissed at Petitioner's own request.

12

base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possession of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)—are still violations of law.  Therefore, Petitioner cannot satisfy the second prong of Jones.  Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the Jones requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.

As to his challenge to his sentence, Petitioner seeks to have his sentence vacated and his case remanded to the district court of conviction for a corrected resentencing. ECF No. 1 at 13.   In 3:17-CR-5, Petitioner was convicted of being an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e), and several drug trafficking offenses in violation of 21 U.S.C. § 841.  The Fourth Circuit has already considered Petitioner's challenge to his conviction and sentence and rejected that claim. N.D.W.V., 3:18-CR-5, ECF No. 286.

Because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause, to challenge his sentence.  But Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, and relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his sentence in a § 2241, he must meet four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

Even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal

and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review. Petitioner cannot satisfy the second Wheeler prong as to 3:08-CR-5 because none of the provisions of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) have been invalidated. The Court notes that a portion of 18 U.S.C. § 924(c)(3)(B) was invalidated. However, Petitioner was not convicted under that provision of the statute, but instead was convicted of violating subparagraph (a)(2). Further, Petitioner cannot satisfy the second Wheeler prong as to 3:17-CR-5 because none of the provisions of 21 U.S.C. § 841 have been invalidated. Therefore, Petitioner fails to satisfy the § 2255(e) savings clause as to his sentences in 3:08-CR-5 or 3:17-CR-5, and this Court need not consider whether he meets the remaining prongs of Wheeler. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his challenge to his sentence may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.   RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE** based on lack of jurisdiction.

I further **RECOMMEND** that Petitioner's Motions to Transfer [ECF Nos. 34, 41] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:      January 11, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE